**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00362-MEH

DENVER INVESTMENT ADVISORS, LLC,

Plaintiff,

v.

ST. PAUL MERCURY INSURANCE COMPANY,

Defendant.

---

# JOINT MOTION TO STAY DISCOVERY

---

Plaintiff Denver Investment Advisors, LLC and Defendant St. Paul Mercury Insurance Company ("Travelers") (collectively, the "Parties") jointly move for an order to stay discovery until after the Court has made a legal determination on agreed-upon facts as to Travelers' contractual obligations under the insurance policies at issue in this dispute. As set forth below, the Parties have reached an agreement which may resolve many or all of the issues in this case, with no formal discovery. As set forth below, and in the Parties Joint Scheduling Order, the parties believe that resolution of this dispute in this way serves the interests of judicial economy and the Parties.

Plaintiff alleges that Defendant breached the insurance contracts it sold to Plaintiff by failing to defend or advance defense costs, as well as by refusing to indemnify Plaintiff for the amounts Plaintiff incurred in two underlying claims. Plaintiff also alleges that Defendant is liable for statutory bad faith pursuant to Colorado Revised Statutes § 10-3-1116. Defendant denies that it breached the insurance contracts, denies that it has any statutory liability, and contends it has no duties to Plaintiff with respect to the underlying claims.

As set forth in the Parties' proposed Scheduling Order, the Parties propose that this case be bifurcated to address the legal issue of Travelers' contractual obligations first and the possibility

of statutory damages, second. The Parties will submit an agreed upon statement of facts following an informal exchange of discovery between April 22, 2017 and May 22, 2017, that will permit the Court to make a legal determination as to what is, or is not, covered under the insurance policies at issue in this dispute. To the extent that Defendant is correct, and the insurance policies do not cover this dispute, there will be no need to address Plaintiff's statutory damages claim, and therefore no need for formal discovery. To the extent Plaintiff is correct, limited discovery will be warranted, and that discovery can be completed within three months of entry of the Court's order addressing non-statutory issues. In the proposed Scheduling Order, the Parties proposed an accelerated briefing schedule for their respective summary judgment or cross-motions for judgment on the pleadings.

Therefore, the Parties request that the Court stay discovery until after the Court has determined what, if anything, is covered under the insurance policies at issue.

Respectfully submitted,

s/Mark E. Miller
Mark E. Miller
Murray D. Sacks
Miller Friel, PLLC
1200 New Hampshire Ave., NW, Suite 800
Washington, DC 20036
Tel: (202) 760-3161
Email: millerm@millerfriel.com
sacksm@millerfriel.com

Thomas J. Overton
Overton Law Firm
165 S. Union Blvd., Suite 542
Lakewood, Colorado 80228
Tel: (303) 832-1120
Email: tom.overton@overtonlawfirm.com

Attorneys for Plaintiff

s/Scott A. Schechter
Scott A. Schechter
Kaufman Borgeest & Ryan LLP
200 Summit Lake Dr.
Valhalla, NY 10595
Tel: (914) 449-1055
Email: sschechter@kbrlaw.com

Patrick Q. Hustead
Christopher D. Yvars
The Hustead Law Firm
4643 South Ulster St., Suite 1250
Denver , CO 80237
Tel: (303) 721-5000
Email: PQH@thlf.com
CDY@thlf.com

Attorneys for Defendant

Dated: April 27, 2017